IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

HAWAII CARPENTERS TRUST FUNDS, HEALTH & WELFARE FUND, BY ITS TRUSTEES ERIC HASHIZUME, MICHAEL YOUNG, BLAKE INOUYE, CONRAD C. VERDUGO, JR., TRAVIS MURAKAMI, DIONE KALAOLA, RONALD TAKETA, JUAN PADASDAO, JR., GLEN KANESHIGE, ERIC NAKAMURA, HUNTER HILL, ERIC REINY, AND TRISHA TAKEGA; ET AL.,

Plaintiffs,

vs.

WSC CORPORATION, JOHN DOES 1-100, JANE DOES 1-100, DOE CORPORATIONS 1-100, DOE PARTNERSHIPS 1-100, DOE ENTITIES 1-100, DOE GOVERNMENTAL UNITS 1-100,

Defendants.

CIV. NO. 26-00227 LEK-RT

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST WSC CORPORATION DBA SOLID SURFACE TECHNOLOGIES

**FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST WSC CORPORATION DBA SOLID SURFACE TECHNOLOGIES**

On August 13, 2026, by its trustees, Plaintiffs[1] Hawaii Carpenters Trust Funds' ("Plaintiffs") *Motion for Entry of Default Judgment Against WSC Corporation dba Solid Surface Technologies* ("Motion") (ECF No. 12) came on for a telephonic hearing before the Honorable Rom Trader. ECF No. 14. Attorney Jeffrey P. Miller appeared on behalf of Plaintiffs. Defendant WSC Corporation dba Solid Surface Technologies ("Defendant") did not appear for the hearing and made no opposition, objection, or other communication.

After careful review of the *Motion*, records in this case and applicable law, the Court **FINDS** and **RECOMMENDS** that the *Motion* be **GRANTED**. Plaintiffs should be awarded a total of $165,365.40 for $163,101.76 in delinquent contributions, liquidated damages and interest plus reasonable attorneys' fees in the amount of $2,263.64.

## BACKGROUND

Plaintiffs filed their *Complaint* on May 7, 2026 (ECF No. 1). Plaintiffs allege that Defendant entered into a Collective Bargaining Agreement ("CBA"), which set forth that Defendant agreed to contribute and pay to Plaintiffs certain

---

[1] Plaintiffs are the trustees of the Hawaii Carpenters Trust Funds, which include the Health & Welfare Fund, Apprenticeship & Training Fund, Vacation & Holiday Fund, Market Recovery Program, Security Fund, New Retiree Medical Plan and 401-K Fund (collectively "Plaintiffs").

contributions based upon work performed by Defendant's covered employees. ECF No. 1 at PageID.5. These contributions or payments were due to Plaintiffs on dates specified in the CBA. *Id*.

Defendant also agreed to permit audits and inspection of its payroll and records to confirm the amounts owed to Plaintiffs under the CBA. *Id*. at 6. Defendant has failed to allow Plaintiffs to inspect its payroll and records to confirm amounts owed to Plaintiff. *Id*. Under the CBA, Defendant also agreed that if monthly contributions were not timely, Defendant would pay liquidated damages in the amount of twenty percent (20%) of any delinquent, unpaid contributions due or $20.00, whichever is greater. *Id*. Plaintiffs are also entitled to interest in the amount of twelve percent (12%) per annum on any unpaid trust fund contributions. *Id*. at 7. Defendants have also agreed to pay any 401(k) lost earnings interest. *Id*. at 8-9. Defendants must also pay any court and collection costs, and reasonable attorneys' fees should it become necessary for Plaintiffs to take legal action to enforce payment of these agreed upon contributions and penalties. *Id*. at 9. In summary, if Defendant fails to pay Plaintiffs the amounts owed and Plaintiffs must litigate to collect these amounts, Defendant is liable for the delinquent contributions, liquidated damages, 12% interest, 401(k) lost earnings interest, and attorneys' fees and costs.

On May 22, 2026, Plaintiffs filed their *Return of Service* which establishes that the registered agent of Defendant had been served with a copy of the *Summons* and *Complaint*. ECF No. 8. Defendant failed to answer or respond to the *Complaint*. On June 23, 2026, Plaintiffs filed a *Request to Clerk for Entry of Default of [Defendant]*. ECF No. 9. On June 24, 2026, the Clerk's Office entered default against Defendant. ECF No. 10. On July 1, 2026, Plaintiffs filed their *Motion* seeking default judgment, and Defendant has neither responded to the *Motion* nor has appeared at the August 13, 2026, hearing on the *Motion*.

## DISCUSSION

Under Rule 55(b)(2) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), a court may enter default judgment following the Clerk's Office's entry of default. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (citations omitted). The Court begins with confirming whether it has subject matter jurisdiction over this matter and will then proceed to evaluate whether default judgment should be granted under *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

### I. Jurisdiction

The Court must first consider whether it has subject matter jurisdiction over this action and personal jurisdiction over the Defendant prior to determining

whether default judgment is warranted. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place"). In this case, this Court has subject matter jurisdiction over Plaintiffs' claims pursuant to the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974 ("ERISA"), and the Multiemployer Pension Plan Amendments Act of 1980. ECF No. 1 at PageID.3.

The Court has personal jurisdiction over Defendant because "Defendant WSC was and is a domestic corporation registered and doing business in the State of Hawaii, and within the United States District Court, District of Hawaii." *Id*. at 4.

## II. <u>Eitel Factors</u>

"Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *In re Villegas*, 132 B.R. 742, 746 (9th Cir. 1991) (citing *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990)) (citations omitted). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

In determining whether default judgment is warranted in this case, the Court shall evaluate the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Id.* at 1471-72 (citation omitted). On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)). The Court shall consider each factor in turn.

**A. <u>Possibility of Prejudice</u>**

This factor requires that the Court consider whether Plaintiffs would suffer prejudice if default judgment were not entered. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C. D. Cal. 2002). In this case, Plaintiffs would be prejudiced because absent default judgment, Plaintiffs would be without recourse for recovery. This is because Defendant has not responded to Plaintiffs' allegations and has not appeared to defend in this case. Accordingly, this factor weighs in favor of default judgment.

**B. Merits of the Claim**

In determining whether default judgment is appropriate, the Court must take the factual allegations in the *Complaint* as true. *TeleVideo Sys.*, 826 F.2d at 917-18 (citation omitted). Plaintiffs allege that Defendant has violated the CBA by failing to pay all required contributions under the CBA. Plaintiffs claim that because of this violation, Defendant owes Plaintiffs all delinquent contributions, liquidated damages, interest, 401(k) lost earning interest and attorneys' fees and costs. These allegations are sufficient to establish a claim against Defendant. This factor weights in favor of default judgment.

**C. Sufficiently of the Complaint**

As established in the previous section, the merit of the claims analysis section, the allegations in the *Complaint* are sufficiently pled such that this factor weighs in favor of finding default judgment.

**D. Sum of Money at Stake**

This Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176. Plaintiffs seek $165,365.40 in total damages, which Plaintiffs state includes $2,263.64 in attorney's fees and costs. Plaintiffs allege that their damages request is tailored to Defendant's wrongful conduct of failing to abide by the terms of the

CBA and as set forth under ERISA. Thus, this factor also weighs in favor of default judgment.

**E. <u>Possibility of a Dispute Concerning Material Facts</u>**

To date, Defendant has not answered the *Complaint* or defend against Plaintiffs' allegations. Defendant was given notice and sufficient time to respond to the *Complaint*. Defendant was also served a copy of the *Motion* and given ample time to appear or defend. ECF No. 12-8 at PageID.87-88. Because Defendant has failed to dispute the allegations alleged against it, the Court finds this factor weighs in favor of finding default judgment.

**F. <u>Excusable Neglect</u>**

The record in this case is devoid of any evidence that Defendant's failure to respond to the *Complaint* or defend against the *Motion* was the result of excusable neglect. Instead, it appears that Defendant consciously and willfully decided not to defend in this action. The Court thus finds that this factor also weighs in favor of default judgment.

**G. <u>Policy Favoring Decision on the Merits</u>**

Policy favors decisions on the merits and it is well-established that default judgment is disfavored. *In re Roxford Foods, Inc.*, 12 F.3d 875, 879 (9th Cir. 1993). However, in this case, Defendant has remained silent and unresponsive.

Litigation cannot move forward and would be futile. The Court cannot find in this case that default judgment is precluded by this factor.

### H. Totality of the Eitel Factors

After careful review of the seven *Eitel* factors, this Court **FINDS** that six (6) out of the seven (7) *Eitel* factors weigh in favor of default judgment. Accordingly, the Court **RECOMMENDS** that district court grant default judgment against the Defendant.

## III. Damages

In the *Motion*, Plaintiffs seek $99,908.31 for delinquent contributions, $22,227.50 for liquidated damages, $40,353.38 in interest, $532.57 in lost earnings interest, and $80.00 in audit fees for a total of $163,101.76. ECF No. 1 at PageID.8; ECF No. 12-1 at PageID.60. When determining a defendant's liability on a motion for default judgment, "the general rule is that well-pled allegations in the complaint regarding liability are deemed true." *See Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) (citations omitted). However, this Court must review the record and, if necessary, make a further factual inquiry to establish the amount the plaintiff is entitled to recover. *See TeleVideo System*, 826 F.2d at 917-918.

The Court has carefully considered and reviewed Exhibit "A" to the *Motion* and **FINDS** that due to default judgment, Plaintiffs are entitled to the amount of $163,101.76.

**IV. <u>Attorneys' Fees and Costs</u>**

An award of reasonable attorneys' fees and costs is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. § 1132(g) and §1145. Plaintiffs request attorneys' fees and costs in the amount of $1,478.30. ECF No. 12-1 at PageID.62. Plaintiffs anticipate the expenditure of additional attorneys' fees of $785.34 for completing the *Motion* and finalization of the order and judgment. *Id*. In total, Plaintiffs request attorneys' fees in the amount of $2,263.64. *Id*. The Court **FINDS** that the amount of attorneys' fees requested is reasonable given the work performed in this case.

## <u>CONCLUSION</u>

In accordance with the foregoing, this Court **FINDS** and **RECOMMENDS** that Plaintiffs' *Motion for Entry of Default Judgment Against WSC Corporation dba Solid Surface Technologies* (ECF No. 12), filed on July 1, 2026 be **GRANTED** as follows:

1. Plaintiffs' request for default judgment (ECF No. 12) against Defendant be **GRANTED**;

2. Plaintiffs be awarded total damages in the amount of $163,101.76 for $99,908.31 for delinquent contributions, $22,227.50 for liquidated damages, $40,353.38 in interest, $532.57 in lost earnings interest, and $80.00 in audit fees;

3. Plaintiffs be awarded attorney's fees and costs in the amount of $2,263.64; and

4. Plaintiffs be awarded total damages and attorneys' fees in the amount of $165,365.40.

The Court directs Plaintiffs to (1) serve a copy of this Findings and Recommendations on Defendant and (2) file a Certificate of Service indicating the date of service **by no later than October 5, 2026**.

//

//

//

//

//

//

//

//

//

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 28, 2026.

Rom A. Trader
United States Magistrate Judge

---

Civ. No. 26-00227 LEK-RT; *Hawaii Carpenters Trust Funds, Health & Welfare Fund, By Its Trustees Eric Hashizume, Michael Young, Blake Inouye, Conrad C. Verdugo, Jr., Travis Murakami, Dione Kalaola, Ronald Taketa, Juan Padasdao, Jr., Glen Kaneshige, Eric Nakamura, Hunter Hill, Eric Reiny, and Trisha Takega, et al. vs. WSC Corporation, et al.*; Findings and Recommendation to Grant Plaintiffs' Motion for Entry of Default Judgment Against WSC Corporation Dba Solid Surface Technologies